**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Lucille Jean Leonard,

                Movant/Defendant,

v.

United States of America,

                Respondent/Plaintiff.

No. CV-19-8067-PCT-DGC (MHB)
No. CR-15-8076-PCT-DGC

**ORDER**

       Lucille Leonard is confined in federal prison in Aliceville, Alabama.  Pursuant to 28 U.S.C. § 2255, she moves to vacate her sentence in Case No. CR-15-8076. Docs. 1, 4.  Magistrate Judge Michelle H. Burns has issued a report ("R&R") recommending that the motion be denied and dismissed with prejudice.  Doc. 12.  The Court has given Leonard two extensions of time to respond to the R&R.  Docs. 14, 16.  She has not filed a response, which relieves the Court of its obligation to review the R&R.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  The Court will accept the R&R and deny the motion.

       Leonard also asks the Court to appoint counsel to represent her in this case because the individual from whom she received legal assistance has been released from prison and

she has "no knowledge of the legal jargon or steps to take to respond with a 'court worthy' response." Doc. 17 at 1. Leonard states that she has no access to legal materials because her facility is on lockdown due to the Covid-19 pandemic. *Id.* at 2.

There is no constitutional right to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("Clearly, there is no constitutional right to counsel on habeas"). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). The Court must evaluate the likelihood of success on the merits as well as the ability of the movant to articulate her claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court has reviewed Leonard's arguments and finds Judge Burns's R&R to be correct. Leonard has provided no basis to conclude that she experienced ineffective assistance of counsel in connection with her plea, and she expressly waived her right to raise other issues in a habeas petition – a fact she confirmed under oath during her plea colloquy. The Court sees no chance of success on the merits. Nor can the Court conclude that Leonard is unable to articulate her claims. She has filed the petition, two motions for extension, and a motion for appointment of counsel.

Leonard has not shown that exceptional circumstances require the appointment of counsel in this case. The Court will deny Leonard's motion to appoint counsel. Doc. 17.

**IT IS ORDERED:**

1. Judge Burns's R&R (Doc. 12) is **accepted**.

2. Leonard's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 4) is **denied with prejudice**.

3. Leonard's motion to appoint counsel (Doc. 17) is **denied**.

4. A certificate of appealability and leave to proceed in forma pauperis on appeal are **denied** because Leonard has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and because Leonard has not demonstrated that "reasonable jurists would find the [Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk is directed to **terminate** this action.

 Dated this 20th day of August, 2020.

David G. Campbell
Senior United States District Judge

3